## BILLS AND NOTES—SURETYSHIP.

[Hamilton Circuit Court, February, 1893.]

### CORDES V. LINDEMAN ET AL.

WANT OF CONSIDERATION ON THE PART OF THE SECOND SIGNER OF JOINT PROMISSORY NOTE.

Where it appears from the evidence that several joint promissory notes were signed and delivered a week or two after delivery of the goods for which the notes were given, and that the payee knew that the second signer signed as a surety. *Held*, that such notes were not invalid for want of consideration as to the second signer, and that the good consideration existing between the payee and the principal debtor is a good consideration for the contract of the second signer.

ERROR.

SMITH, J.

We think the judgment of the court of common pleas should be affirmed.

The notes sued on were joint and several promissory notes signed by F. Gunther and H. Cordes. Cordes was, therefore as to Lindeman, the payee, a maker and not an indorser, and was not entitled to have demand made on Gunther (who is conceded to have been the principal debtor) at the maturity thereof if not paid to have notice thereof. Lindeman could let the notes run as long as he chose to do so, and if Cordes wanted suit brought he could have paid them and sued Gunther himself, or have required the plaintiff, by written notice, to bring the action thereon.

The fact that the goods, for the purchase price of which the notes were given, had been delivered by Lindeman, the payee, to Gunther, the purchaser, a week or two before the notes were signed and delivered, and that Lindeman knew that Cordes signed them as a surety, did not make them as to Cordes invalid for want of consideration. The good consideration therefor existing between Lindeman and Gunther, the principal debtor, is a good consideration for the contract of Cordes. Swan's Treatise, 569.

*Keam & Keam*, for plaintiff in error.

*Louis J. Dolle*, contra.